UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES WEIR, | ) |
| | ) |
| Plaintiff, | ) No. 3:12-cv-01235 |
| | ) Judge Campbell |
| v. | ) |
| | ) |
| CHIEF ROBERT BRYANT, et al., | ) |
| | ) |
| Defendants. | ) |

# M E M O R A N D U M

The plaintiff, an inmate at the Wilson County Jail in Lebanon, Tennessee, brings this *pro se in forma pauperis* action under 42 U.S.C. § 1983 against the Chief Robert Bryant in his official capacity only and Doug Whitefield in his individual capacity only, alleging that the conditions of confinement at the Wilson County Jail violate the plaintiff's civil rights. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I.     PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are

1

based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II.     Section 1983 Standard

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.    Analysis

First, the plaintiff names Chief Robert Bryant as a defendant in his official capacity only. As such, the plaintiff is suing Chief Bryant's official office rather than the individual himself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In essence, then, the plaintiff's claims are against Wilson County, Tennessee, the municipal entity that operates the Wilson County Jail. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

In order to bring a Section 1983 claim against a county, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir.1996).

The plaintiff contends that his civil rights are being violated because no one at the jail responds to inmates' grievances, the silverware provided to the inmates is dirty, the inmates are not provided with new, clean undergarments, and unnamed jail employees refuse to certify the inmates' legal mail. (Docket No. 1 at p. 5). However, the plaintiff has offered nothing to suggest that his rights are being violated pursuant to a policy or regulation of Wilson County. Thus, whether construed as a claim against Chief Bryant in his official capacity or Wilson County itself, the plaintiff's allegations fail to state a claim upon which relief can be granted.

The plaintiff also names Doug Whitefield in his individual capacity as a defendant. However, there are no allegations in the complaint connecting Whitefield to any wrongdoing. (Docket No. 1 at pp. 3-4). A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). The plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Because the plaintiff's allegations omit how Whitefield was personally involved in the acts about which the plaintiff complains, the court will dismiss the Section 1983 claims against Whitefield for failure to state claims upon which relief can be granted.

## IV.     Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*.  28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge